HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENNA CHOKSI and VIKAS CHOSKI,<br><br>                Plaintiffs,<br><br>    v.<br><br>RUPAL TRIVEDI, *et al.*,<br><br>                Defendants. | CASE NO. C16-5600-RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP AND DISMISSING FOR WANT OF JURISDICTION |

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Proceed *in forma pauperis*, and for the appointment of counsel [Dkt. #s 1, 2, 3] Plaintiffs claim that Defendant Trivedi abused then teen-aged Vikas Choski in India in the late 1980s. Vikas now lives in Washington. Defendant Trivedi apparently lives in Massachusetts. Plaintiffs seek leave to proceed *in forma pauperis* and for the appointment of counsel. Their complaint includes a letter from an attorney declining to represent them in a similar proposed Massachusetts case, in part because the events occurred in India.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IFP AND DISMISSING FOR WANT
OF JURISDICTION - 1

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiffs' proposed pleading does not meet this standard. There is no indication that this court has personal jurisdiction over the defendants, who allegedly wronged Vikas years ago, in India, before moving to the east coast. There is no indication they have any connection to Washington, at all. It also appears that this court is not the proper venue for the case, as the defendants do not reside here and the events did not take place here. *See* 28 U.S.C. §1391(b).

For these reasons, the Motion for Leave to Proceed *in forma pauperis* is DENIED, and the Motion for appointment of counsel is DENIED. The case is DISMISSED without prejudice

>>
>

for lack of jurisdiction and improper venue.

IT IS SO ORDERED.

Dated this 12th day of July, 2016.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IFP AND DISMISSING FOR WANT
OF JURISDICTION - 3